USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/4/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**-----------------------------------------------------------------X**

**MARYKATHRYN DOHENY, et al.,**

**Plaintiffs,**

**-against-**

**INTERNATIONAL BUSINESS MACHINES, CORP, et al.,**

**Defendants.**
**-----------------------------------------------------------------X**

**23-CV-03962 (JAV)(SN)**

**<u>OPINION & ORDER</u>**

**SARAH NETBURN, United States Magistrate Judge:**

The parties each filed letter motions to compel discovery in this employment discrimination case. ECF Nos. 112, 113. The motions were fully briefed on October 30, 2026. ECF Nos. 119, 120. Defendant Kyndryl Holdings, Inc. ("Defendant" or "Kyndryl") moves to compel discovery of Plaintiff's medical records, tax returns, and application for unemployment benefits. Plaintiff moves to compel discovery of Kyndryl's hiring and firing records beyond her own termination and records of the relationship between Kyndryl and International Business Machines, Corp. ("IBM"), Plaintiff's former employer.

Defendant's motion to compel is DENIED. Plaintiff's motion is GRANTED subject to further submission from the parties.

## I. Defendant's Motion to Compel

Defendant seeks discovery of Plaintiff's medical records, tax returns, and application for unemployment insurance benefits. Because Plaintiff has agreed to produce records related to her application for unemployment benefits, Defendant's third request is DENIED as moot. <u>See</u> ECF No. 119, at 1.

Defendant cannot compel discovery of Plaintiff's medical records because those records are not at issue. Plaintiff's Second Amended Complaint does not include a claim for emotional distress damages. See ECF no. 74, at 10–11. Indeed, such damages are not cognizable under the Age Discrimination in Employment Act ("ADEA"). Walsh v. Scarsdale Union Free Sch. Dist., 375 F. Supp. 3d 467, 482 (S.D.N.Y. 2019) ("[T]he ADEA does not allow plaintiffs to recover for emotional distress, pain and suffering, or any other non-economic damage."). Thus, Plaintiff has not put her privileged medical records at issue. Defendant's argument that it may compel discovery of Plaintiff's medical records to support its mitigation defense is factually unsupported and legally without merit. The fact that a party's medical history might theoretically be relevant to another party's defense is not enough to overcome an evidentiary privilege. Accordingly, Defendant's motion to compel production of Plaintiff's medical records is DENIED.

Finally, Defendant has not met its burden in moving to compel production of Plaintiff's personal tax returns. Because courts in this Circuit are "reluctant to order discovery of tax returns," the moving party "bears the burden of establishing both relevancy and a compelling need for the tax returns." Xiao Hong Zheng v. Perfect Team Corp., 739 F. App'x 658, 660 (2d Cir. 2018) (internal quotation marks omitted). While Plaintiff's post-termination income is relevant, Defendant has not demonstrated a compelling need for her tax returns. This is especially true given Plaintiff's willingness to produce other records reflecting her income. ECF No. 119, at 2. Defendant's motion to compel production of Plaintiff's personal tax returns is therefore DENIED without prejudice to renewal should the substitute material be insufficient.

## II. Plaintiff's Motion to Compel

Plaintiff seeks records of the "bigger picture of Kyndryl's and IBM's discriminatory workforce restructuring." ECF No. 112, at 2. Plaintiff's requests extend to the reduction in force

("RIF") that included her termination, other RIFs at Kyndryl, and "companywide policies, practices, and goals" underlying Kyndryl's workforce reductions. Id. Within the latter category, Plaintiff seeks records of the role IBM played in the alleged discriminatory scheme at Kyndryl.

While Plaintiff may seek discovery of records beyond her own termination, her demands are too broad as written. A party may rely on circumstantial evidence to make an ADEA claim. Norton v. Sam's Club, 145 F.3d 114, 119 (2d Cir. 1998) ("The plaintiff is not required to produce direct evidence of discrimination."). See also Carlton v. Mystic Transp., Inc., 202 F.3d 129, 135 (2d Cir. 2000) ("[P]laintiffs in discrimination suits often must rely on the cumulative weight of circumstantial evidence, since an employer who discriminates against its employee is unlikely to leave a well-marked trail."). But Plaintiff's requests go too far. She is not justified in seeking, for example, demographic information for all of Kyndryl's employees since 2021, or "[a]ll documents relating to Kyndryl's spinoff from IBM." ECF No. 120, Exhibit B, at 20, 25.

Plaintiff, however, is entitled to develop evidence that, since 2021, Kyndryl has made employment decisions that reflected discriminatory bias based on age. Thus, she may seek documents reflecting company-wide policies or practices related to RIFs or termination practices, including policies adopted or continued from IBM. Plaintiff may also seek information regarding RIFs or terminations other than hers. Here, however, the Court cannot determine the appropriate limits of such production without additional information. The parties, therefore, should meet and confer to discuss appropriate divisions or departments and a relevant time period. If the parties cannot reach agreement, Kyndryl must file an organizational chart depicting the different departments or divisions within Kyndryl, the nature of their work, where Plaintiff worked, and the average number of employees who worked there during the relevant period. To the extent other departments or divisions were affected by a RIF, Kyndryl should so indicate.

Each side may simultaneously file a letter indicating its position with respect to the appropriate scope of discovery.

## CONCLUSION

Defendant's motion to compel is DENIED, and Plaintiff's motion to compel is GRANTED, subject to further submissions from the parties. The parties are ORDERED to meet and confer as to the proper scope of discovery into Defendant's records. The parties shall notify the Court that they have resolved this dispute, or file submissions consistent with this Order by November 13, 2026.

The Clerk of Court is requested to terminate the motions at ECF Nos. 112 and 113.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED: November 4, 2026
New York, New York